# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Plaintiff,

v.

JEFFREY ASKANAZI,

        Defendant.

_____
_____/

Case No. 00-71433

DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS [89, 90, 91, 92], DENYING DEFENDANT'S MOTION FOR HEARING [97, 99] AND DENYING DEFENDANT'S MOTION FOR TRANSCRIPT AT PUBLIC EXPENSE [98]

This lawsuit arises out of Plaintiff's conviction for mail fraud in the United States District Court for the Western District of Michigan. The judgment against Defendant in that case included an award of $257,859.20 restitution in favor of Plaintiff. Following the filing of this civil action, the parties agreed that Defendant would pay the restitution balance owed to Plaintiff and in return Plaintiff would not seek further civil damages which, under the applicable laws, could greatly exceed the restitution amount.

On April 29, 2002, this Court entered a judgment in favor of Plaintiff and against Defendant in the amount of $257,859.20 [65].

On February 10, 2004, United States District Judge Robert Holmes Bell found that Defendant had violated several supervised release conditions, in part by

Case No. 00-71433

failing to pay restitution despite his ability to do so.  Accordingly, Judge Bell revoked supervised release and sentenced Defendant to 18 months imprisonment.

On September 27, 2004, Plaintiff filed its "verified motion for proceedings supplementary to judgment," [67], seeking to restrain and enjoin Defendant from hiding assets which could be used to satisfy his debt to Plaintiff.  Defendant filed several responses and additional motions concerning Plaintiff's efforts to collect on the judgment.

On February 3, 2005, Magistrate Judge Capel issued the following orders as to the latest round of motions:

(1)    Order Granting Plaintiff's Verified Motion for Proceedings Supplementary to Judgment and to Restrain Transfer of Property [89];

(2)    Order Denying Defendant's Motion for Delay [90];

(3)    Order Denying Defendant/Counter Plaintiff Jeffrey Askanazi's Petition for Guardian Ad Litem [91]; and

(4)    Order Denying Motion for Reversal of Prior Judgment Entered and to Proceed With Jury Trial On the Original Issues, and Motion for Dismissal of Blue Cross Blue Shield's Verified Motion for Proceedings Supplementary to Judgment [92].

Defendant has filed several pleadings with the Court subsequent to the Magistrate Judge's Orders.  Defendant's recent  pleadings are as follows:

(1)    Response to Opinion and Proposed Order of Magistrate Judge Wallace Capel Jr. by Defendant/Counter Plaintiff Jeffrey Askanazi M.D. [93]

(2)    Objections to the Opinion of Magistrate Wallace Capel, Jr.

2

Case No. 00-71433

[96];

(3)     Motion for Hearing [97, 99];

(4)     Motion for Transcript at Public Expense [98];

(5)     Response to Plaintiff BC/BS [100, 102];

(6)     Response to Plaintiff BC/BS Regarding Motion for a Hearing [101];

(7)     Addendum Response to BC/BS [103];

(8)     Objections to the Opinion of Magistrate Wallace Capel Jr. [104, 105].

Several of Defendant's pleadings, if considered as objections to the Magistrate Judge's orders, were not timely filed under Fed. R. Civ. P. 72(a). Nevertheless, the Court has considered a majority of Defendant's pleadings [93, 96,100, 102, 103, 104, 105] as objections to the Magistrate Judge's orders.

The essence of Defendant's current position is that his conviction in the Western District of Michigan is invalid because he was sentenced in violation of the rule announced in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). In addition, Defendant argues that he never agreed to a settlement in this action because he has always contested the validity of his criminal conviction. Thus, Defendant claims he is entitled to have the civil judgment against him withdrawn so this case can proceed to trial.

The Court agrees with the decision of the Magistrate Judge denying Defendant's motion for reconsideration. Regardless of whether or not Defendant contested the validity of his criminal conviction, he nevertheless consented to the

3

entry of judgment in this case.  Therefore,

IT IS HEREBY ORDERED that Defendant's objections [93, 96,100, 102, 103, 104, 105] to the Magistrate's orders are DENIED.

Furthermore, the current posture of this case is such that the only outstanding issue is how Plaintiff will collect on its judgment against Defendant. There are no outstanding factual or legal questions as to Defendant's liability. Therefore,

IT IS FURTHER ORDERED that Defendant's motion for hearing [97,99] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for transcript at public expense is DENIED.

IT IS SO ORDERED.


_____          s/Arthur J. Tarnow
                                          Arthur J. Tarnow
                                          United States District Judge


Dated:  April 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2005, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager

4