**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BLUE CROSS BLUE SHIELD
OF MICHIGAN,                            Case No. 00-71433

        Plaintiff,                    District Judge Arthur J. Tarnow
                                          Magistrate Judge R. Steven Whalen
v.

JEFFREY ASKANAZI, M.D.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Jeffrey Askanazi's Motion to Strike Garnishment [Docket #112], filed October 10, 2006 which has been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend

1). That Defendant's Motion be DENIED and Plaintiff, Blue Cross Blue Shield of Michigan's ("BCBSM's") request to garnish all, rather than half of the funds in Defendant's jointly held account with Rene Askanazi [Docket #131] be GRANTED.

2). That Defendant's Motion as to the jointly held account with Ariel Olah be DENIED and BCBSM's request to garnish all funds be GRANTED with the exception of $100.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, Jeffrey Askanazi, M.D., was convicted by a jury in the United States

-1-

District Court for the Western District of Michigan for submitting fraudulent claims to Blue Cross Blue Shield of Michigan ("BCBSM"). Present Plaintiff, BCBSM, seeks recovery of overpayments resulting from the fraud pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On April 29, 2002, the district court awarded judgment to Plaintiff for $257,859.20. *Docket #65*.

On October 2, 2006, Plaintiff served a garnishment on First Resource Federal Credit Union, now known as United Federal Credit Union ("United"). United disclosed two accounts: a combined checking and savings account as well as a savings account. As a result of the garnishment, United paid funds from each account. Because the accounts were jointly held by Defendant and either his wife Rene Askanazi, or stepdaughter Ariel M. Olah, Plaintiff received only 50 percent of the accounts' proceeds.[1] *Docket #131* at FN 2.

On October 10, 2006, Defendant filed a motion to strike the first garnishment of the combined checking and savings account, contending that Plaintiff had improperly garnished funds owned by his wife, joint holder of one the accounts. *Docket #112*. Defendant likewise contends that his stepdaughter, joint holder of the savings account, was the actual owner of the garnished funds. *Id.*

## II. APPLICABLE LAW

"Absent evidence to the contrary, co-owners are presumed to have made equal

---

[1] The garnishment of the account held by Defendant and Rene Askanazi yielded $1327.62, 50 percent of the $2655.23 balance at the time of the garnishment. *Docket #131* at FN 1. Plaintiff garnished $575.19 from the account held jointly with Ariel Olah, representing 50 percent of the 1,150.38 balance. *Id.*

contributions to a joint account." *Department of Treasury, Revenue Div. v. Comerica Bank,* 201 Mich.App. 318, 328, 506 N.W.2d 283, 288 (Mich.App.1993); *Sussex v. Snyder,* 307 Mich. 30, 38, 11 N.W.2d 314 (1943). However, in the case of a garnishment of one of the joint holders, "the presumption of equal ownership may be rebutted in favor of either co-owner." *Danielson v. Lazoski,* 209 Mich.App. 623, 629, 531 N.W.2d 799, 802 (Mich.App.1995); *citing to Department of Treasury, supra* at 201 Mich. App. at 328-329, 506 N.W.2d at 288. "The nondebtor co-owner [is] permitted to reclaim his contributions if he [can] establish them." *Id.* at 329.

### III. ANALYSIS

**A. Rene Askanazi**

Third party Rene Gerber Askanazi objects to the garnishment of the account she holds with her husband at United, alleging that the garnished funds were hers "in their entirety," seeking to overcome the presumption that she is entitled to only one half of the account's proceeds. *Docket #130* at 2. She submits an account application listing both Defendant and herself along with a statement of account activity from November 23 to December 22, 2006. *Id*. at Exhibits A and B. Plaintiff BCBSM, also contending that the 50 percent presumption is inapplicable here, argues conversely that it is entitled to the account proceeds in their entirety. *Docket #131*.

Mrs. Askanazi's submission, including an account application listing her as a joint account holder with her husband, fails to overcome the presumption that her husband owns half of the account's proceeds. *Id*. at Exhibit A. Similarly, the December 2006 statement

showing monthly account activity on the jointly held account does not establish the she is solely entitled to the account's funds. *Id*. at Exhibit B.

On the other hand, Plaintiff's contention that it is entitled to more than 50 percent of the account proceeds is well supported by accompanying documentation. First, Plaintiff notes that the account in question was opened exclusively by Defendant on June 6, 2006 (his wife was added two weeks later). Next, although Rene Askanazi reportedly deposited $19,870.79 of the $50,391.62 placed in the account between June 6, and November 30, 2002, Plaintiff notes that the funds deposited by Mrs. Askanazi were in fact beneficiary income derived from a trust controlled by her husband.[2] Moreover, Plaintiff notes that another $14,000 in the joint account was transferred by Askanazi from a Fifth Third IRA account "held solely in his name," arguing that the account's funds "are demonstrably the proceeds of Askanazi's business activity and have little or nothing to do with [Mrs. Askanazi]." *Docket #131* at 8, 12. Although Plaintiff concedes that the source of the remaining funds of approximately $16,500 deposited over the six months in question is "anyone's guess," it has met its burden that Askanazi's "absolute control and domination over his real estate" holdings extends to the control of the account in question.[3] *Id.* at 11.

---

[2]Plaintiff contends that the trust, "Canton Realty Trust II," established after Defendant was ordered to pay restitution, purchased four pieces of real estate in Canton, Ohio from the Canton Realty Group, Inc. for only $1. *Docket #131* at 11. Canton Realty Group is owned by Defendant Jeffrey Askanazi. The $19,870.79 deposit, issued to Mrs. Askanazi as a beneficiary of the trust, reflects proceeds of the sale of two of those four properties.

[3]Plaintiff has established that Defendant opened the account to funnel the proceeds of his real estate holdings from the reach of creditors and also to overcome the 50 percent

Plaintiff has demonstrated that Defendant himself transferred real estate holdings from a company he controlled into a trust (receiving a mere $1 in consideration), then after the property was sold, issued the proceeds to his wife as a "beneficiary" of the trust, after which (to complete the circle) she transferred the proceeds into an account co-owned by Defendant himself. *Id.* at Exhibits 8 and 9.

The Plaintiff has therefore shown that of the $50,370.79 deposited in the account in the roughly six-month period between June and November of 2002, a total of $33,870.79 ($19,870.79 from the real estate sale plus $14,000 from Defendant's IRA withdrawals) is unquestionably attributable to the Defendant. Plaintiff has therefore rebutted the 50 percent ownership presumption, and is now entitled to the entire balance in the account ($2,655.23), which represents considerably less than Defendant deposited into the account, and only a small portion of the $257,859.20 to which Plaintiff is entitled.

**B. Ariel Olah**

Plaintiff's stepdaughter, Ariel Olah, has similarly failed to overcome the presumption that she is entitled to 50 percent of the jointly held account's funds. *Docket #129* at 1. Her contention that $1,000 of the account's balance represents the return of her own money,

---

presumption as to the remaining funds. Significantly, while Defendant argues that $19,870.79 deposited belonged to his wife as beneficiary of the trust, neither he nor his wife present any evidence to suggest that the unaccounted remaining deposits ("anyone's guess") were made by Rene Askanazi.

invested in an aborted real estate deal, is countered by Askanazi's statement that in fact, he had "done [the real estate transaction] under Ariel's name since she has the best credit rating." *Docket #131* at Exhibit 7. Moreover, Askanazi apparently acknowledges that he was the source of the account's funds by stating that "the checks were made payable to me since Ariel is attending college and I set up a joint account for ease of administration of her funds." *Id.* Thus, Plaintiff has not only demonstrated that Olah is not entitled to the all of the account's funds, but also shown that BCBSM (overcoming the 50 percent presumption in its own favor) is entitled to more than half of the account's proceeds. However, Plaintiff does not dispute that Olah has established that she is entitled to $100 of the $1,150.38 balance at the time of the garnishment, which it acknowledges was given to Olah "by an unrelated third party." *Docket #131* at FN 3.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Defendant's Motion to Strike [Docket #112] be DENIED, as follows:

1). That Defendant's Motion be DENIED and Plaintiff, Blue Cross Blue Shield of Michigan's ("BCBSM's") request to garnish all, rather than half of the funds in the Defendant's jointly held account with Rene Askanazi [Docket #131] be GRANTED.

2). That Defendant's Motion as to the jointly held account with Ariel Olah be DENIED and BCBSM's request to garnish all funds be GRANTED with the exception of $100.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 24, 2007.

S/G. Wilson<br>
Judicial Assistant