UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

       Plaintiff,                    Case No. 00-71433

v.                                    District Judge Arthur J. Tarnow
                                        Magistrate Judge R. Steven Whalen

JEFFREY ASKANAZI,

       Defendant.
_____/

REPORT AND RECOMMENDATION

Before the Court are Defendant Jeffrey Askanazi's objections to writ of garnishment [Docket #148 and #150].[1] Because this is a post-judgment matter, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).[2] Pursuant to E.D. Mich. L.R. 7.1(e)(2), this matter will be submitted on the written pleadings, without oral hearing.[3]

---

[1] For some unknown reason, Defendant's objections were filed under two document numbers. Plaintiff filed two identical responses. *See* Docket #151 and #153.

[2] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

[3] A hearing was originally scheduled for April 16, 2008. Defendant did not appear on that date, and the Court did not entertain argument from the Plaintiff's counsel in

-1-

For the reasons set forth below, I recommend that Defendant's objections be DENIED.

## I. BACKGROUND

The Defendant was convicted by a jury in the United States District Court for the Western District of Michigan of 34 counts of mail fraud, for submitting fraudulent claims to Blue Cross Blue Shield of Michigan (BCBSM). As part of his sentence in that case, Defendant was ordered to pay restitution to BCBSM, who subsequently filed a civil suit in this Court pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §. 1961, *et.seq*. On April 29, 2002, this Court entered judgment against the Defendant and in favor of BCBSM in the amount of $257,859.20. *See* Docket #65.

On March 19, 2008, the Court issued a writ of periodic garnishment as to Defendant and garnishee Montgomery Incorporated, his employer [Docket #157]. Pursuant to 15 U.S.C. § 1673, 25% of Defendant's disposable earnings are subject to garnishment. However, Defendant argues that child support and spousal support obligations from New Jersey and Ohio, in a total claimed amount of $1,912.37 per month, should "be deducted from any funds available before garnishment is taken."

---

Defendant's absence. In his responsive pleading, filed on April 11, 2008, Defendant asked for a postponement based on the cryptic claim that he was "leav[ing] for Nevada on a 2-3 week run." In any event, given the Defendant's concession that there is no actual garnishment (as opposed to his unsupported argument for a constructive garnishment) in place to enforce his support obligations, the legal and factual issues are sufficiently clear that oral argument is unnecessary.

Defendant concedes that these alleged obligations are not taken directly from his payroll. He also claims, in his Response to BCBSM Motion for a Hearing Postponement [Docket #156], that his support obligations "effectively constitute a 'garnishment' as there are criminal consequences for failure to pay the amounts."

## II. DISCUSSION

Defendant does not contest that there is a judgment against him, nor does he appear to contest that Plaintiff has the right to garnish some portion of his wages. Rather, he argues that his monthly child support and spousal support obligations should be given priority over BCBSM's claims.

Under 15 U.S.C. § 1673, a maximum of 25% of disposable income is subject to garnishment. When there is more than one garnishment order in place, an employer-garnishee pays according to established orders of priority. The order of priority among competing garnishments is controlled by state law. *See Marshall v. District Court*, 444 F.Supp. 110 (E.D. Mich. 1978). In Michigan, M.C.L. § 600.4012 provides that "a *garnishment* resulting from an obligation of court ordered support" is given first priority." (Emphasis added).

Defendant confuses an "obligation" with a "garnishment." The two are not the same, and under both the federal and the state statute cited above, it is only an order of garnishment that is relevant. His argument that his support obligations "effectively constitute a 'garnishment' as there are criminal consequences for failure to pay the amounts" is a *non sequitur*. Defendant has not cited, nor has the Court found, any

-3-

statute, case law or other authority that transforms a support obligation into a garnishment simply because there are criminal or quasi-criminal penalties associated with a failure to pay.

Indeed, while Defendant has for some years been subject to an obligation to provide child and spousal support, he obviously has not been in compliance, as evidenced by his arrearage of $184,670. *See* Plaintiff's Response, Exh. 4.[4] Thus, his claim that "the monthly amount due of $1565 represents well over 50% of [his] monthly income" is beside the point. Moreover, if the Court were to somehow consider this obligation as a constructive garnishment, then given the 25% limitation of 15 U.S.C. § 1673, BCBSM would be unable to collect *any* of its judgment through garnishment of the Defendant's wages, regardless of whether he is actually paying his support obligations. This may be the actual point of Defendant's objections.

There is no doubt that garnishment of 25% of the Defendant's earnings is burdensome to him. However, he has an order of criminal restitution and an enforceable judgment against him, and 15 U.S.C. § 1673 permits the garnishment. The Defendant simply has no legal leg to stand on, and his objections must therefore be denied.

---

[4] Defendant challenges the Plaintiff's computation of his monthly child support obligations, given that two of his three children have reached the age of majority. Plaintiff counters that he is still required to pay the full amount for all three children until the arrearage is paid. However, because neither the Ohio nor the New Jersey court is garnishing the Defendant's wages, it doesn't matter what the amount is for purposes of this case.

### III. CONCLUSION

I recommend that Defendant's Objections to Writ of Garnishment [Docket #148 and #150] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN

UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 9, 2008.

s/Susan Jefferson
Case Manager
